IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER A. UNDERWOOD ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:18-CV-00425-JMS-MJD |
| MANDIP KAUR BARTELS, M.D., *et al.* ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF MANDIP KAUR BARTELS, M.D.

COMES NOW the Affiant, Mandip Kaur Bartels, M.D., and upon her oath declares as follows:

1. My name is Mandip Kaur Bartels, M.D. and I am over the age of eighteen, of sound mind, and am competent to testify as to all facts in this Affidavit.

2. All facts in this Affidavit are based upon my personal knowledge and my review of Christopher A. Underwood's medical records from the Wabash Valley Correctional Facility.

3. Attached to *Defendants' Designation of Pleadings and Evidence* as Exhibit B are true and accurate copies of Christopher A. Underwood's medical records from the Wabash Valley Correctional Facility for all medical care rendered between September 18, 2016 through March 31, 2017.

4. Corizon, LLC previously contracted with the Indiana Department of Correction to provide medical care to various prisons throughout Indiana. Corizon, LLC's contract with the Indiana Department of Correction terminated on March 31, 2017.

5. I have been licensed to practice medicine in the State of Indiana since 2009.

6. I served as the Medical Director of the Indiana Women's Prison Correctional Facility from October 2012 to December 2013.

1

7. Thereafter, I served as the Associate Medical Director in Indiana from December 2013 to July 2014 for Corizon, LLC

8. In July 2014 I became the Regional Medical Director for Corizon, LLC in Indiana. I held this position from July 2014 through December 2015. In December 2015, my employment with Corizon, LLC terminated.

9. I was re-hired by Corizon, LLC on January 9, 2017 to serve as the UM Medical Director in the state of Wisconsin. I am currently employed by Corizon, LLC providing services in the state of Wisconsin.

10. I was not the Regional Medical Director in Indiana at any time in 2017 or thereafter, as Plaintiff alleged in his Complaint. Furthermore, I have never provided medical services at Wabash Valley Correctional Facility.

11. I did not personally treat Christopher A. Underwood ("Mr. Underwood") following his complaints of back and right leg pain on January 4, 2017 or thereafter. Additionally, I was not consulted by the medical staff at the Wabash Valley Correctional Facility regarding Mr. Underwood's complaints of back pain and right leg pain. In sum, I had no personal involvement with Mr. Underwood's medical care following his complaints of back and right leg pain on January 4, 2017.

12. On January 2, 2017, Mr. Underwood submitted a Request for Healthcare regarding right foot pain and his back "giving out." *See **Exhibit B** of Defendants' Designation of Pleadings and Evidence, p.1.* On January 4, 2017, Mr. Underwood was examined by nursing staff for his complaints of back pain. ***Exhibit B** of Defendants' Designation of Pleadings and Evidence, pp. 2.*

13. Mr. Underwood was dissatisfied with the care he received and submitted an informal complaint. Although the informal complaint is dated January 6, 2017, it was not received by Corizon staff until January 12, 2017. *Exhibit B of Defendants' Designation of Pleadings and Evidence, pp. 3.*

14. Director of Nursing Regenia Robinson, R.N. responded to Mr. Underwood's informal complaint by advising him that he was provided a home exercise program to perform for his complaints of right foot pain, and to submit a second Request for Healthcare if his symptoms did not improve within a reasonable amount of time. Mr. Underwood signed the response to the informal complaint on January 20, 2017, acknowledging his receipt of the response. *Id.*

15. Mr. Underwood did not submit another Request for Healthcare regarding complaints of back pain at any time prior to the termination of Corizon's services in the Indiana Department of Correction on March 31, 2017. *Exhibit B of Defendants' Designation of Pleadings and Evidence, pp. 1-15*

16. In my professional opinion, Mr. Underwood received appropriate medical care for his complaints of right foot pain and back pain. It is also my professional opinion that it was not medically necessary to provide Mr. Underwood with medication or referral to a physician on January 4, 2017 because Mr. Underwood had not been treated for any complaints of right foot or back pain for at least six (6) months prior to January 4, 2017. Therefore, it is my professional opinion that it was reasonable and appropriate for Mr. Underwood to be provided a home exercise program with instructions to return if his pain did not improve within a reasonable amount of time.

17. It is my professional opinion that none of the healthcare providers who treated Mr. Underwood from January 4, 2017 through March 31, 2017 were deliberately indifferent to Mr. Underwood's medical condition. The medical care rendered to Mr. Underwood by the nurses at Wabash Valley Correctional Facility was reasonable, appropriate, and complied with the standard of care.

FURTHER AFFIANT SAITH NOT.

## OATH

The facts stated above are based upon my own personal knowledge and are stated under penalties of perjury.

12/23/2019
Date

_____
Mandip Bartels, M.D.

4